The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>FREDERICK PIGOTT,<br><br>                    Defendant. | NO. 2:21-cr-00013-RAJ<br><br>ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |

This matter comes before the Court on Defendant Frederick Pigott's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). Dkt. 35. Having thoroughly considered the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

**I. BACKGROUND**

Frederick Pigott is an inmate currently detained at Federal Correctional Institution Sheridan, with a projected release date of May 13, 2026. On July 14, 2022, Mr. Pigott pled guilty to Possession of Heroin with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). Dkt. 26. October 14, 2022, this Court sentenced Mr. Pigott to 60 months and one day in custody, to be followed by three years of supervised release. Dkt. 34. Mr. Pigott now moves for a

sentence reduction, arguing that he presents extraordinary and compelling reasons for the Court to reduce his sentence to time served, or to reduce his sentence by an amount the Court deems appropriate and to impose location monitoring or placement at a residential reentry center as a special condition of supervised release.

## II. DISCUSSION

### A. Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress has provided an exception to that rule, known as compassionate release, which allows the Court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c); *see also United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). The First Step Act of 2018 amended the procedural requirements governing compassionate release. Prior to the First Step Act's passage, only the Director of the Bureau of Prisons ("BOP") could bring motions for compassionate release. Now, under the First Step Act, defendants are permitted to directly petition the Court for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> **c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1) in any case—**
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

**(i)** extraordinary and compelling reasons warrant such a reduction; or

**(ii)** . . .

and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

Before passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. *See* 28 U.S.C. § 994(t). In doing so, Congress instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides:

**Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—

(1)(A) Extraordinary and compelling reasons warrant the reduction;

. . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

The Ninth Circuit has concluded that this policy statement is not binding in connection with motions filed by defendants. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). It also has recognized, however, that the policy statement "may inform a district court's discretion" under § 3582(c)(1)(A). *Id.* It is the defendant's

burden to show special circumstances meeting the high bar for a sentence reduction. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

### III. ANALYSIS

In deciding whether to grant Mr. Pigott's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i), the Court first considers whether he has met the statutory exhaustion requirement for compassionate release. If the exhaustion requirement is met, the Court turns to three substantive considerations that govern compassionate release analysis: (1) whether "extraordinary and compelling reasons warrant such a reduction," (2) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (emphasis in original) (internal citations and quotations omitted). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Id.*

**A. Statutory Exhaustion of Administrative Remedies**

Prior to considering the merits of Mr. Pigott's motion, the Court must determine whether he has met the statutory exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A). Where, as here, the Director of the BOP has not filed the motion on Mr. Pigott's behalf, the Court may only consider the motion if Mr. Pigott has requested that the BOP make such a motion and either (i) defendant has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (ii) 30 days have elapsed since the "warden of the defendant's facility" received a compassionate-release request from defendant. *Keller*, 2 F.4th at 1281 (quoting 18 U.S.C. § 3582(c)(1)(A)).

Here, Mr. Pigott's motion attaches a request to the warden for compassionate release. Dkt. 35 at 7. More than 30 days have elapsed since Mr. Pigott submitted his request. The Court therefore finds that the statutorily required 30-day period has expired, and Mr. Pigott's motion is properly before the Court for consideration on the merits.

**B.  Extraordinary and Compelling Circumstances**

It is a defendant's burden to establish an extraordinary and compelling reason warranting compassionate release. *See Wright*, 46 F.4th at 951. Here, Mr. Pigott argues that his confinement during the COVID-19 pandemic and the purportedly dire conditions at FCI Sheridan, where he has been in custody, constitute "extraordinary and compelling reasons" justifying release. Dkt. 35. Mr. Pigott contends that his period of incarceration, served during the time of the BOP's COVID-19 restrictions, has presented harsher punishment and was made more difficult due to the lockdowns, restricted visitation, and minimization of his opportunity to participate in BOP programming. Mr. Pigott briefly references certain health conditions he allegedly has, such as diabetes, hypertension, and a fibrillated heart, but offers no further evidence or argument other than claiming that these conditions are "comorbidities of COVID-19." Dkt. 35 at 6. Mr. Pigott acknowledges he has contracted COVID-19 multiple times, but does not allege that he suffered from any serious complications.[1]

In fact, as the government notes, Mr. Pigott's motion appears to be a form motion that has been filed by at least fifteen defendants convicted in this district who are currently incarcerated at FCI Sheridan (including Mr. Pigott). *See United States v.*

---

[1] Defendant argues that "[s]everal inmates at FCI Sheridan have received partial reductions to their sentences for the conditions of confinement" at the facility. Dkt. 35 at 1. However, the defendants in the cases cited to by Mr. Pigott based their compassionate release motions on their particularized circumstances rather than general conditions of confinement. *See United States v. Westwolf*, No. CR19-41GF-BMM, 2023 WL 3305102 (D. Mont. May 8, 2023) (granting reduction in sentence based on defendant's "deteriorating eyesight and related medical complications"); *United States v. Beltran*, No. CR19-35GF-BMM, 2023 WL 3851047 (D. Mont. June 6, 2023) (granting reduction in sentence in light of "BOP's potential failure to award Beltran credit for time served").

*Slaughter*, No. 13-cr-00359-RSL, Dkt. 115; *United States v. Brooks*, No. 19-cr-00093-JLR, Dkt. 112; *United States v. Taylor-Narin*, No. 18-cr-005094-BHS, Dkt. 1185; *United States v. Stahlman*, No. 18-cr-05094-BHS, Dkt. 1184; *United States v. Fuentes*, No. 20-cr-00092-JCC, Dkt. 1087; *United States* v. *Hernandez-Hernandez,* No. 21-cr-00032-RSM, Dkt. 129; *United States v. Flores-Lopez*, No. 19-cr-00203-RSM, Dkt. 777; *United States v. Pigott*, No. 21-cr-00013-RAJ, Dkt. 35; *United States v. Fierro Ponce*, No. 20-cr-00092-JCC, Dkt. 1090; *United States v. Bravo-Vargas*, No. 21-cr-00139-JLR, Dkt. 47; *United States v. Ordonez*, No. 20-cr-00092-JCC, Dkt. 1442; *United States v. Bravo-Vargas*, No. 21-cr-00139-JLR, Dkt. 47; *United States v. Fuentes*, No. 20-cr-00092-JCC, Dkt. 1087; *United States v. Brown,* No. 13-cr-00064-RAJ, Dkt. 350.  Every court in this district that has thus far ruled on one of those motions has denied it: "[C]ourts in this district have consistently concluded that general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release."  *Hernandez-Hernandez*, No. 21-cr-00032-RSM, Dkt. 132 at p. 7 (citing cases).

The Honorable Robert S. Lasnik recently denied a motion for a reduction in sentence in one of these cases.  *See Slaughter*, No. 13-cr-00359-RSL (W.D. Wash.), Dkt. 117.  Judge Lasnik concluded, and the Court here concurs, that although the allegations in the form motion were "likely better suited to a habeas petition or civil rights claim, there appears to be no barrier preventing the Court from considering his claims under the compassionate release framework." *Id.* at 7.  Judge Lasnik denied the motion in *Slaughter*, saying that "[w]hile defendant's motion paints a very troubling picture of life at Sheridan FCI during the pandemic, courts in this district have consistently concluded that 'general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release,'" and that "[g]iven that defendant has failed to address how the lockdowns at Sheridan FCI have impacted him personally and instead describes the conditions of confinement more generally, the Court finds that defendant's experience at

Sheridan FCI – while undoubtedly difficult – does not constitute grounds for compassionate release." *Id.* (citations omitted).

Here, Mr. Pigott fails to meet the "extraordinary and compelling" standard for the same reasons as in *Slaughter*. Mr. Pigott explains that he has "endured countless additional punishments in the form of onerous lockdowns and restrictions on programing…medication shortages, staff shortages, food shortages, and general inability of both (FDC Sea-Tac and FCI Sheridan) to manage the number of inmates incarcerated with those institutions." Dkt. 35 at 1. He further explains that FCI Sheridan is currently locked down every weekend. *Id.* These are generalized allegations. So too are the "supplements prepared by a law clerk at FCI Sheridan detailing the conditions at the prisons," which Mr. Pigott attached to his motion. Dkt. 35 at 3–4.

The Court acknowledges the conditions explained in this supplement are disturbing. For instance, the supplement states that "[f]or over a year, inmates were not able to set food outside or breathe fresh air, they were locked in their cells 24 hours a day, coming out every 3 days to shower for 15 minutes and back into their cells." *Id.* at 3. However, courts in this district have consistently concluded that "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." *United States v. Bolden*, No. CR16-320RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020); *see also United States v. Kvashuk*, No. CR19-143JLR, 2023 WL 3866678, at *2 (W.D. Wash. June 7, 2023) (collecting cases). Mr. Pigott has failed to address how the conditions at FCI Sheridan have impacted him personally and instead describes the conditions of confinement more generally. His generalized claims apply to every inmate who has been in custody during the pandemic and are not unique to Mr. Pigott. The Court therefore finds that these conditions of confinement, while challenging, do not present an extraordinary and compelling reason to warrant his early release.

Mr. Pigott's bare assertions that he suffers from diabetes, hypertension, and a heart condition, without medical records evidencing these alleged conditions and any treatment related to them while in custody likewise do not serve as extraordinary and compelling circumstances justifying his release.

### C. Safety of Others and Other 18 U.S.C. § 3553(a) Factors

Even if the Court were to conclude that Mr. Pigott's conditions of confinement constituted extraordinary and compelling reasons, the Court finds that a sentence reduction would not be consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *see also Keller*, 2 F.4th at 1284.  In the context of compassionate release, relevant factors include: (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," (ii) the need for the sentence imposed (1) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (2) to adequately deter criminal conduct and "to protect the public from further crimes of the defendant," and (3) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," (iv) the sentencing guidelines, and (v) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a); *see also United States v. Grimes*, No. CR11-5509-BHS, 2021 WL 319404 (W.D. Wash. Jan. 26, 2021) (summarizing factors).

Here, Mr. Pigott has a signification portion of his 60-month sentence remaining to be served, and the Court finds he continues to pose a danger to the community given the nature of his crimes.  Absent from Mr. Pigott's motion is any direct analysis on whether he is currently a danger to the community and provides no specific information as to why the 3553(a) sentencing factors would weigh in his favor.

The government opposes Mr. Pigott's release and argues that a reweighing of the § 3553(a) factors, particularly the nature, circumstances, and seriousness of these offenses, does not provide a basis for the Court to reduce the sentence originally imposed. Dkt. 40.  The Court agrees with the government's assessment.

In determining whether to grant Mr. Pigott compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a).  These factors include the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, avoiding unwarranted sentencing disparities, and providing medical care in the most efficient manner.  18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A).  Nothing has been presented to convince this Court that the sentence previously imposed should be altered in any manner.

### III.  CONCLUSION

For the foregoing reasons, Defendant Frederick Pigott's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Dkt. 35) is **DENIED**.  It is further ordered that Defendant's Motion for Appointment of Counsel (Dkt. 48) and Motion Requesting Court to Allow Government to File a Surreply to Defendant's Reply (Dkt. 49) are **DENIED** as moot.

DATED this 20th day of November, 2023.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER - 9